# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 200 | DATE | 3/8/2004 |
| CASE TITLE | Ruvalcaba vs. Jaimet | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner's motion for certificate of appealability [31-1] is granted in part and denied in part. Certificate of appealability is granted for his claim that his confession was involuntary, but denied for his claim of prosecutorial misconduct.

(11) ■ [For further detail see order attached to the original minute order.]

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel. ALEJANDRO RUVALCABA (#K-63734), | ) ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | No. 01 C 0200 Judge Joan H. Lefkow |
| DANNY JAIMET, Warden, Hill Correctional Center,[1] | ) ) ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM OPINION AND ORDER

On January 5, 2004, this court entered a memorandum opinion and order denying the petition of Alejandro Ruvalcaba ("Ruvalcaba") for a writ of habeas corpus. Before the court is Ruvalcaba's motion for a certificate of appealability ("COA") under 28 U.S.C. § 2253(c)(2). For the reasons stated below, his motion is granted and denied in part.

Ruvalcaba raised five claims for relief in his habeas petition: (1) that his confession given while he was a juvenile was involuntary; (2) the police arrested him without a warrant; (3) prosecutorial misconduct; (4) the State failed to prove him guilty beyond a reasonable doubt; and (5) the trial court abused its discretion when it imposed an excessive sentence. Ruvalcaba seeks a COA for claims (1) and (3).

---

[1] Ruvalcaba is in the custody of Danny Jaimet ("Jaimet"), Warden of the Hill Correctional Center. Thus, Jaimet is the proper respondent in this habeas action. *See* Rule 2(a) of the Rules Governing Habeas Corpus Cases under 28 U.S.C. § 2254. Accordingly, this court substitutes Jaimet as respondent. *See* Fed. R. Civ. P. 25(d)(1).

A habeas petitioner is entitled to a COA only if he can make a substantial showing of a denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard Ruvalcaba must demonstrate that reasonable jurists would find this court's assessment of his claims debatable or wrong. *See id.*

A. **Involuntary Confession**

Ruvalcaba first seeks a COA for his claim that the confession he gave was involuntary. The courts assumes familiarity with the facts in the January 5, 2004 opinion and will only highlight those relevant to Ruvalcaba's motion for a COA. The court believes that a COA is appropriate on this claim for a number of reasons. First, Ruvalcaba was 16 years old at the time he confessed to the crime. As the Supreme Court has counseled, "special caution" must be exercised when the voluntariness of a juvenile confession is implicated. *In re Gault*, 387 U.S. 1, 45 (1987). Second, Ruvalcaba was in custody for 14 hours before he confessed. Although the evidence supports the notion that he was not interrogated for long periods of time, was not handcuffed and was allowed periods of rest and food, 14 hour detentions of juveniles are not something any court should look at lightly. Third, Ruvalcaba was without a friendly adult or attorney during his custody and confession, which is a factor warranting consideration. *See Hardaway v. Young*, 302 F.3d 757, 765 (7th Cir. 2002). Fourth, at least under Ruvalcaba's version of the facts in this action there was psychological trickery involved in his confession in part, although this court ruled that such evidence had little value because it was rejected by the state trial court in its credibility determinations. Finally, while the Seventh Circuit's opinion in *Hardaway* provides insight into the merits of Ruvalcaba's appeal, the two situations are not so related as to foreclose any further review. For example, the defendant in *Hardaway* had

2

"extensive prior history with parts of the criminal justice system," while the record supports no such finding here. Moreover, in *Hardaway* there was no doubt that psychological trickery was missing while here, as noted above, Ruvalcaba argues that such trickery was present. In addition, even if the facts in *Hardaway* would seem to suggest the resolution of this case, confessions must be examined for voluntariness under the totality of circumstances in each individual case. *See Fare v. Michael C.*, 442 U.S. 707, 725 (1979). All of the above convinces the court that a reasonable jurist could find this court's assessment of this claim debatable or wrong. Accordingly, Ruvalcaba's motion for a certificate of appealability on his claim that his confession was involuntary will be granted.

**B.    Prosecutorial Misconduct**

Ruvalcaba also seeks a COA on his claim of prosecutorial misconduct. In his habeas petition Ruvalcaba argued that prosecutorial misconduct existed because of the prosecutor's statements made in closing arguments. According to Ruvalcaba, the prosecutor incorrectly informed the jury that the prosecution did not have the burden of proving that Ruvalcaba's conduct was not justified. He also asserts that this error was compounded when the prosecution told the jury that it had to prove only two elements for a guilty verdict of first degree murder when, in fact, the judge included as a third element the requirement that the State prove beyond a reasonable doubt that Ruvalcaba "was not justified in using the force which he used." Finally, Ruvalcaba asserts that in rebuttal the prosecutor told the jury that Ruvalcaba was attempting to put the State's witnesses on trial and inappropriately told the jury that his defense counsel placed witnesses on the stand to elicit sympathy in contradiction to the instructions from the court. This court concluded that the Illinois Appellate Court's decision that prosecutorial misconduct was

3

not present was not unreasonable. For example, with respect to comments concerning the defense counsel's attempt to appeal to the jury sympathies, the Illinois Appellate Court reasonably determined (1) that this was only a *de minimis* portion of the State's case and (2) that the comment was prompted by defense counsel's attack on the State's case and witnesses. Moreover, the Illinois Appellate Court reasonably determined that any prejudice from statements made by the prosecution was cured by the tendered jury instructions, which included the State's burden of proof, the elements of murder, and the directive to disregard statements made during arguments that were not based on the evidence. Finally, this court noted that given the amount of evidence presented against Ruvalcaba at trial, he would not have been able to show that any of the improper statements affected the jury's verdict. *See Darden v. Wainwright*, 477 U.S. 161, 182 (1986) (concluding that overwhelming evidence reduced the likelihood that the jury's decision was influenced by argument despite serious prosecutorial misconduct). While Ruvalcaba's claim that the prosecutor improperly told the jury that it only had to prove two elements for first degree murder is somewhat persuasive, given the fact that instructions were tendered to the jury establishing the relevant standards of proof, *see United States v. Bell*, 980 F.2d 1095, 1098 (7th Cir. 1992) (it is presumed that juries follow court directed instructions); *Hough v. Anderson*, 272 F.3d 878, 902 (7th Cir. 2001) (finding that trial court's instructions put jury on notice that the arguments were nothing more than counsel's interpretation of the evidence), and given the *Darden* standard set out above, the court does not believe its determination of the issue was either debatable or wrong. Ruvalcaba's motion for a COA on his claim for prosecutorial misconduct, therefore, will be denied.

Wherefore, for the reasons set out above, Ruvalcaba's motion for a COA is granted and denied in part [#31]. A COA is granted for his claim that his confession was involuntary, but denied for his claim of prosecutorial misconduct.

ENTER: /s/ Joan H. Lefkow
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: March 8, 2004